<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil Action No. 07-5205 (KSH) |
| Petitioner, | : | |
| v. | : | <u>OPINION</u> |
| BERNARD GOODWIN, | : | |
| Respondent. | : | |

**APPEARANCES:**

    JOSEPH ARUANNO, #363
    Northern Regional Unit/S.T.U.
    P.O. Box 699
    Kearny, New Jersey  07032-0699

<u>HAYDEN</u>, District Judge

Joseph Aruanno challenges an order of civil commitment.  This Court will grant petitioner's application to proceed <u>in  forma  pauperis</u> and, for the reasons expressed below, summarily dismiss the petition, deny the request to appoint counsel and decline to issue a certificate of appealability.

**I.  BACKGROUND**

On October 26, 2007, the clerk received a form § 2254 petition signed by petitioner on October 22, 2007, which challenges petitioner's civil commitment.  (Pet. ¶¶ 1, 3, 5.)  Petitioner asserts that he appealed his civil commitment to the Appellate Division of the Superior Court of New Jersey, which denied relief on an unspecified date in docket number A-6499-04T2.  (Pet. ¶ 9.)  He alleges that the New Jersey Supreme Court denied certification in docket number 60,849.

(Id.)  In the space provided in ¶ 12 for the first ground on which petitioner claims that he is being held in violation of the Constitution, laws, or treaties of the United States, Petitioner wrote: "I need an attorney to proceed properly or fairly here."  (Id., Ground One, ¶ 12.a.)  In the space provided for grounds two and four, Petitioner wrote: "I need an attorney."  Petitioner further states: "I beg of the federal court to assign counsel so that I can finally proceed properly and fairly in the interest of justice."  (Id., p. 15.)  He requests relief as follows: "(a) investigate crimes I will present to court; (b) order my release."  (Id., p. 16.)

This Court notes that on March 1, 2007, in docket number A-6499-04T2 (the appellate docket number petitioner lists in the petition), the Appellate Division affirmed an order filed May 9, 2005, civilly committing J.A. to a secure facility for the custody, care and treatment of sexually violent predators, pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J. Stat. Ann. §§ 30:4-27.4 to -27.38.  See In re Civil Commitment of J.A., 2007 WL 609284 *1 (N.J. Super., App. Div., March 1, 2007).  The opinion states that the New Jersey Public Defender assigned six consecutive attorneys to represent J.A. at the trial level and that, on the day of trial J.A. expressed his dissatisfaction with counsel.  In addition, the appellate court specified that J.A. testified on his own behalf, refused to submit to an interview with the state's expert witness, and made his own summation (after the summation of his attorney) in which he "repeated his assertion of innocence . . . and that the civil commitment proceeding was retaliatory, vindictive and without merit."  Id. at *4.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); <u>United States v. Dawson</u>, 857 F. 2d 923, 928 (3d Cir. 1988) (same).

The Supreme Court recently explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  <u>Conley v. Gibson</u>,

> 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . .");  Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
>   A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted."  § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Subject Matter Jurisdiction

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968); see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937).

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state judgment only on the ground that the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). Petitioner satisfies the status requirement because, according to the petition, he is in custody of the State of New Jersey pursuant to an order of civil commitment.

This Court lacks jurisdiction over the petition, however, because petitioner does not indicate on the face of the petition that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent

to the facts of the case unless the petitioner asserts the claim.[1]  Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim.[2]  This Court lacks subject matter jurisdiction over the petition before the Court because it does not raise a federal claim.

Two published decisions of the United States Court of Appeals for the Second Circuit, and one unpublished decision of the United States Court of Appeals for the Third Circuit, are instructive.  In United States v. Leon, 203 F. 3d 162 (2nd Cir. 2000), the United States Court of Appeals for the Second Circuit held that a federal court lacks jurisdiction to entertain a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed "because there is no 'case' or 'controversy' within the meaning of Article III of the Constitution."  Id. at 163.  "Here, because [petitioner] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."  Id. at 164.  The court

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

concluded that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court . . . may consider his argument that such a petition should be considered timely." Id.

In Green v. United States, 260 F. 3d 78 (2nd Cir. 2001), the United States Court of Appeals for the Second Circuit indicated that, if a motion to enlarge the time to file a § 2255 motion sufficiently articulates a cognizable claim for relief under § 2255, a district court may treat the motion as a substantive motion for relief under § 2255, provided the court first notifies the petitioner of the consequences of filing a § 2255 motion and offers him an opportunity to withdraw the motion, rather than have it construed as a § 2255 motion. Id. at 83-84. However, the Green court held that because the petitioner "had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion." Id. at 84.

In Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745 (3d Cir. 2003), a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition. Id. at 747. The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel. Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and it contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more

7

specific pleading or to notify him before dismissing the motion. The District Court denied the motion.

The Third Circuit granted a certificate of appealability, finding that Anderson's allegations "that he is in custody in violation of the law, that his grounds for relief are based on the ineffective assistance of counsel and that he needed more time to file a habeas petition [were] sufficient to present a case or controversy and invoke the court's jurisdiction." Id. at 749. Nevertheless, the court concluded that the District Court did not err by failing to recharacterize the motion as a § 2254 petition or failing to provide notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F. 3d 644, 649-52 (3d Cir. 1999), because the motion for an extension of time did not sufficiently state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore have been subject to summary dismissal under Habeas Rule 4:

> We further conclude that the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion and provide him notice under Miller and Mason where Anderson did not sufficiently state a claim for relief. If the District Court had recharacterized the motion, it was subject to summary dismissal. See United States v. Thomas, 221 F. 3d 430, 438 (3d Cir. 2000) (stating that vague and conclusory grounds for habeas relief are subject to summary dismissal); Rule 2 of the Rules Governing Section 2254 Cases (providing that habeas petitions shall set forth all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. Appx. at 749.

Significantly, the Court of Appeals expressly rejected Anderson's argument that the District Court "had to know that the claims in his habeas petition were the same as those he presented in state court because he was required to satisfy exhaustion requirements." Id. at 750.

"The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts." Id.

Unlike the motion for an extension of time in Anderson, the petition in this case does not give this Court subject matter jurisdiction because the petition does not indicate in any manner that petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because the petition does not indicate that petitioner is in custody in violation of federal law, "there is no case or controversy to be heard, and any opinion [this Court] were to render . . . would be merely advisory." Leon, 203 F. 3d at 164. This Court will accordingly dismiss the petition without prejudice for lack subject matter jurisdiction.[3] In so doing, the Court notes that petitioner has over 10 months remaining on the one-year statute of limitations applicable to a petition for a writ of habeas corpus by a person in state custody. See 28 U.S.C. § 2244(d).

C.  Request to Appoint Counsel

Petitioner wants this Court to appoint counsel to prepare his § 2254 petition challenging his civil commitment. A petitioner challenging his civil commitment in a § 2254 proceeding has no right to preapplication legal assistance. See McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994) (federal statute "bestows upon capital defendants a mandatory right to counsel, including a right to preapplication legal assistance, that is unknown to other criminal defendants"). And given petitioner's prior litigation before this court, he has not shown that the ends of justice require the

---

[3] Alternatively, this Court summarily dismisses the petition pursuant to Habeas Rule 4 because, like the motion for an extension of time in Anderson, the petition does not sufficiently state a claim for relief under Habeas Rule 2(c). See Anderson, 82 Fed. Appx. at 749; Thomas, 221 F. 3d at 348.

discretionary appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B).[4]  See Reese v. Fulcomer, 946 F.2d 247 (3d Cir. 1991); 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28").  Under these circumstances, this Court will deny the request for preapplication legal assistance.

D.  Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1).

### III.  CONCLUSION

For the foregoing reasons, this Court grants the application to proceed in forma pauperis, dismisses the petition without prejudice for lack of jurisdiction, denies petitioner's request to appoint counsel and declines to issue a certificate of appealability.


       /s/ Katharine S. Hayden
       **KATHARINE S. HAYDEN, U.S.D.J.**

DATED: November 5,  2007

---

[4] For example, Petitioner filed and litigated a § 2254 petition challenging his criminal conviction for second degree sexual assault on an eight-year-old girl, see Aruanno v. Sherrer, Civil No. 02-2446 (JBS) opinion & order of dismissal (D. N.J. Dec. 27, 2005), and is presently seeking a certificate of appealability from the Court of Appeals.