UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, | Civil No. 07-5205 (KSH) |
| Petitioner, | |
| | **OPINION and ORDER** |
| v. | |
| BERNARD GOODWIN, et al., | |
| Respondents. | |

The United States Court of Appeals for the Third Circuit has issued a mandate directing this Court to treat Joseph Aruanno's motion for reconsideration filed on November 15, 2007 as an amended petition. The Third Circuit's directions permit this Court to provide a form Section 2254 petition to Aruanno so that he can list under paragraph 12 the constitutional claims he seeks to raise, including the claims and supporting facts contained in his state court brief. In addition the court granted Aruanno's motion for appointment of counsel.

Accordingly, this Court entered an Order dated July 15, 2009, D.E. # 20, appointing the Office of the Federal Public Defender for the District of New Jersey to represent Petitioner "for the purpose of preparing and filing an amended § 2254 petition . . . , in compliance with Habeas Rule 2 and Local Civ. Rule 81.2, which specifies the judgment or order being challenged and lists under paragraph 12 the federal grounds Petitioner wishes to raise and the supporting facts." The Order directs the Federal Public Defender to file an amended petition within 45 days of the date of entry of the Order on July 15, 2009.

Subsequently, based on information supplied in a letter from A.F.P.D. Donald J. McCauley, docketed as D.E. #24, and Aruanno's communications to this Court, docketed as D.E.

#25 and D.E. #23, the Court has learned that Aruanno does not want McCauley's representation and, according to McCauley, an attorney client relationship is nonexistent.  As a consequence, no action has been taken to date on a document entitled "Motion for Recusal," which this Court forwarded to the Federal Public Defender, wherein Aruanno demands this Court's recusal based on the gender of the assigned judge.  That document, and the Court's cover letter, will be placed on the docket.

This Court has followed the directions of the Third Circuit and appointed counsel. Aruanno is not satisfied with the attorney.  The facts surrounding McCauley's and Aruanno's encounter are disputed and not germane to the matters at issue.  What is significant is Arruano's demonstrated capacity to represent himself.  In his submissions he expresses himself clearly and is wholly familiar with and capable of articulating the issues he wants to litigate.  He indicates that he is receiving advice from private counsel (see D.E. #23 and 25).  The Court need not assign new counsel, and will vacate its earlier Order appointing counsel..  Aruanno is still required, as a *pro se* petitioner in a case filed under Section 2254, to list his claims and must, therefore, complete a form Section 2254 petition as referenced by the Third Circuit in its mandate, which when filed timely and properly, will be considered his amended petition.

The Court directs that the Clerk file Aruanno's July 4, 2009 document entitled "Motion for Recusal," and denies it because it is primarily based on the impermissible grounds that the Court recuse itself on the basis of gender.  The additional grounds for recusal based on the undersigned's law school education and presidential appointment are without merit.  The demands that Aruanno makes in the alternative – that the Court file affidavits; treat his matter as emergent; and proceed in the direction of considering the issues he raises as criminal conduct on the part of others – are also denied as without merit.

**IT IS** therefore on this 9th day of September 2009, hereby

**ORDERED** that the July 15, 2009 Order (D.E. # 20) appointing counsel is vacated ;  and it is further

**ORDERED** that the Clerk of the Court shall provide Aruanno with the current form § 2254 petition; and it is further

**ORDERED** that, within 30 days of the date of the entry of this Order, as required by Local Civil Rule 81.2(a)[1], Petitioner shall file the completed form § 2254 petition, which shall specify the judgment or order being challenged and shall list under paragraph 12 of the form petition the constitutional claims Petitioner wishes to raise and the facts supporting each claim (including the claims and supporting facts contained in the state court appellate briefs); and it is finally

**ORDERED** that, in the event that Petitioner fails to comply with this Order, then in accordance with the mandate of the Third Circuit, this Court will treat Petitioner's motion for reconsideration filed on November 15, 2007, as his final amended petition and determine whether it is subject to summary dismissal pursuant to Habeas Rule 4 for failure to comply with the pleading requirements for habeas corpus petitions, see Mayle v. Felix, 545 U.S. 644, 655 (2005), and Local Civil Rule 81.2(a).

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

---

[1] Local Civil Rule 81.2(a) provides that a petition for a writ of habeas corpus shall be signed by the petitioner on forms supplied by the Clerk.